**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-2159
DIRECT FAX
(917) 777-2159
EMAIL ADDRESS
GREG.LITT@SKADDEN.COM

**MEMO ENDORSED**

The application is  X  granted
                   ___ denied

*[signature]*
Edgardo Ramos, U.S.D.J
Dated: 3/11/2025
New York, New York

**VIA ECF**

Hon. Edgardo Ramos, District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007-1312

RE: *Pleiades Publishing Ltd. and Pleiades Publishing, Inc. v. Springer Nature Switzerland AG and Springer Science+Business Media, LLC*

Dear Judge Ramos,

We represent Pleiades Publishing Ltd. and Pleiades Publishing, Inc. (together, "Pleiades") in the above-captioned action. In connection with Petitioners' Petition for Injunctive Relief in Aid of Arbitration (the "Petition"), we respectfully write to request to file under seal, pursuant to S.D.N.Y. Electronic Filing Rules and Instructions, certain parts of the parties' commercial agreements underlying this action.

This case is a matter of substantial public importance. It impacts libraries, universities, and government institutions in the United States and around the world that subscribe to science, technology and medical ("STM") journals published and distributed by the parties to this action, which are essential to advancing STM research. Moreover, Pleiades is cognizant of courts' general presumption in favor of public access to documents in litigation matters. Accordingly, Pleiades is not requesting that

Hon. Edgardo Ramos
March 11, 2025
Page 2

the Court seal this action in its entirety, or that it seal the entirety of any of the documents that Pleiades is submitting.

However, in the parties' commercial agreements in this matter, the parties have agreed that, in certain circumstances, limited categories of non-public data, including, for example, customer lists and the economic terms of the parties' agreements, shall be afforded confidential treatment. The text of the confidentiality provision from the parties' agreements is attached as Annex A to this letter.

The Petition does not incorporate data falling under these protected categories, and it accordingly has been filed without redactions. However, several of the parties' agreements are attached as Exhibits 1-3 and 6-7 to the Declaration of Gregory A. Litt in Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order ("Litt Declaration"), and they contain economic terms that are non-public and commercially sensitive.

Although a general presumption exists in favor of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption."  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In determining whether to seal a document, a court should balance various competing interests, including "the privacy interests of those resisting disclosure."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Courts routinely seal materials where, as here, proposed redactions are "narrowly tailored" and "essential to preserve higher values."  *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted).  These "higher values" include the need "to prevent the unauthorized dissemination of confidential business information," such as the terms of a commercial agreement. *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.,* No. 18 Civ. 10364 (LGS), 2021 WL 2011914, at *1 (S.D.N.Y. May 20, 2021); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.,* No. 1:21-cv-11003 (LTS), 2022 WL 890184, at *2-3 (S.D.N.Y. Mar. 25, 2022).

Pleiades has prepared versions of Exhibits 1-3 and 6-7 to the Litt Declaration with the specific economic terms redacted, and respectfully requests permission to file these redacted versions until the parties can be further heard on this issue.

Respectfully submitted,

 */s/ Gregory A. Litt*

Gregory A. Litt

Hon. Edgardo Ramos
March 11, 2025
Page 3

**Annex A**

Section 12 of the parties' agreements provides:

      (a)      For either party, its "Confidential Information" shall mean its secret, non-public or proprietary information maintained by that party as confidential. To be Confidential Information, Confidential Information must have been reduced to tangible form and clearly marked as "confidential" or "proprietary" at the time of disclosure or must otherwise be reasonably expected to be confidential under the circumstances of such disclosure. To be Confidential Information, any information that is disclosed orally or visually must be designated as "confidential" or "proprietary" at the time of disclosure or must otherwise be reasonably expected to be confidential under the circumstances of that disclosure. Confidential Information of Springer shall include, but is not limited to, non-public information concerning Springer's subscription list, Springer's pricing policies and other financial and business matters relating to the creation, marketing, distribution and sale of Works. Confidential Information of Pleiades shall include, but shall not be limited to, non-public information concerning Pleiades' subscription lists, and Pleiades' pricing policies, and Pleiades' secret, proprietary and confidential editorial, financial and business matters relating to the creation, marketing, distribution and sale of the Works. The economic terms of this Agreement shall be deemed the Confidential Information of both Springer and Pleiades.

      (b)      Neither party shall disclose any item of Confidential Information of the other gathered during the Term unless: (i) the recipient received the item of Confidential Information from sources lawfully permitted to disclose it, free from any confidentiality restrictions; (ii) the item of Confidential Information is made available to the public by a Person not bound by any confidentiality restrictions and other than through the recipient; (iii) the item of Confidential Information is known to the recipient prior to disclosure by the other party to this Agreement, its representatives or agents; (iv) the item of Confidential Information is independently developed by the recipient without reference to, or reliance on, disclosure by the other party to this Agreement, its representatives or agents of the Confidential Information; or (v) the recipient shall be required to make any such disclosure by applicable law or at the direction of a court or governmental agency or any such disclosure is required to be made to any regulating authority applicable to any such party. Notwithstanding the foregoing, each party may disclose Confidential Information of the other party to its Affiliates and its and their respective officers, directors, managers, employees, agents, accountants, representatives and advisors who need to know the Confidential Information in connection with the consummation of the transactions contemplated by this Agreement, or in connection

Hon. Edgardo Ramos
March 11, 2025
Page 4

with any tax Audit, and to investors and potential investors (all of the foregoing, "Recipients"), on the condition that such Recipients are informed by such party of the confidential nature of the Confidential Information and are caused by the relevant party to comply with the terms and conditions of this Section 12 (and, with respect to Recipients that are third parties, are required to execute a written confidentiality agreement with terms no less protective of the Confidential Information than the terms contained herein). Each party shall be responsible for any breach of the provisions of this Section 12 by its Affiliates or Recipients. The foregoing notwithstanding, subscription lists may be disclosed to editors of the Works.